IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENT JAMES KOWALEWSKI, III, | : | CIVIL ACTION |
| Petitioner, | : | NO. 10-5467 |
| v. | : | |
| JAMES McGRADY, et al., | : | |
| Defendants. | : | |

**ORDER**

The Court has carefully reviewed all pleadings, the full record, and the Report and Recommendation filed by U.S. Magistrate Judge M. Faith Angell (Dkt. No. 10) ("R&R"). The Court has also reviewed the Objections filed by Petitioner (Dkt. No. 13),[1] and fully concurs with Magistrate Judge Angell's conclusions concerning procedural default and Petitioner's inability to overcome the hurdles created by such.[2] Moreover, where Petitioner may not have defaulted, the

[1]Magistrate Judge Angell filed her Report and Recommendation on September 8, 2011. Having received no objections from Petitioner within the allotted 14-day period (*see* Local Civil Rule 72.1 IV(b)), this Court approved and adopted the Report and Recommendation without further discussion on September 22, 2011 (Dkt. No. 12). However, the next day, the Court received Mr. Kowalewski's Objections. We observe that although they were not filed in our Court until September 23, 2011, Mr. Kowalewski dated his Objections September 20, 2011; under the prison mailbox rule, we accept that earlier date as the date of filing. *See* R&R at 6 n.1 (citing *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998)). Accordingly, on October 5, 2011 this Court vacated its Order dated September 23, 2011 (Dkt. No. 14) so as to consider and address Petitioner's Objections herein.

[2]In addition, Petitioner "admits that [his] Claim [regarding prosecutorial misconduct in opening and closing statements (*habeas* claim no. 2)] is Procedurally Defaulted in that it was not raised in Direct Appeal or on PCRA [...]" Objections at 2. He further admits that his claim regarding denial of a hearing on his PCRA claims (*habeas* claim no. 5) "was not a viable issue and as such did not even argue it within his Memorandum of Law and therefore Petitioner agrees that procedural default is not excusable on this issue." *Id.* at 3.

Court concurs with Magistrate Judge Angell's conclusions that Petitioner's contentions are without merit,[3] and thus are insufficient to justify an evidentiary hearing. *Williams v. Beard*, 637 F.3d 195 (3d Cir. 2011). Petitioner has not presented any compelling basis to disturb the decisions of the Pennsylvania courts.

AND NOW, this 4th day of June, 2012, it is hereby ORDERED that:

1. The Report and Recommendation of Magistrate Judge M. Faith Angell is APPROVED and ADOPTED;

2. Petitioner's request for an evidentiary hearing is DENIED;

3. The Petition for a Writ of *Habeas Corpus* is DENIED;

4. A Certificate of Appealability WILL NOT issue; and

5. The Clerk of Court shall mark this case closed for all purposes, including statistics.

BY THE COURT:

/s/ C. Darnell Jones, II

______________________

C. DARNELL JONES, II

---

[3]Magistrate Judge Angell concludes that: a) the Superior Court's evaluation of the challenged statements relating to Petitioner's post-arrest silence was "neither unreasonable nor contrary to established federal law as determined by the Supreme Court" (R&R at 19); (b) the standard applied by the Superior Court in analyzing Petitioner's Due Process claim was "consistent with established federal law," leading to the "objectively reasonable" determination that the trial judge "neither showed animosity toward defense counsel, nor a lack of judicial impartiality" (R&R at 22); and (c) the "Superior Court's determination (adopting the PCRA Court's analysis) that Plaintiff's ineffective assistance of counsel claims fail to meet the required prejudice component is objectively reasonable." R&R at 27. Upon careful *de novo* review of the state court record, this Court concurs; Petitioner has failed to raise any Objections beyond reiteration of the underlying arguments in his Petition. *See Cherry v. Wynder*, Civ. No. 05-2560, 2007 WL 983826, at *7-9 (E.D. Pa. Mar. 26, 2007) (objections which do not respond to magistrate judge's recommendation on claim, but instead repeat assertions raised in petition are properly overruled).